# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>    Plaintiff,<br><br>v.<br><br>CAMARGO, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00266-SKO (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER FILE FIRST AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIM I AGAINST DEFENDANTS CAMARGO, MORROW, MUNOZ, RANDOLPH, BARONA, AND SAUCEDO**<br><br>(Doc. 1)<br><br>TWENTY-ONE (21) DAY DEADLINE |

## INTRODUCTION

**A.    Background**

Plaintiff, Kareem J. Howell, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has stated cognizable claims for retaliation in Claim I against Defendants Camargo, Morrow, Munoz, Randolph, Barona, and Saucedo. However, Plaintiff may be able to correct the deficiencies in his pleading on other claims. Thus, Plaintiff may either file a first amended complaint correcting the deficiencies, or advise the Court that he is willing to proceed only on the claims found cognizable herein.

**B.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

**C.     Summary of the Complaint**

Plaintiff complains of acts that occurred while he was detained at California State Prison in Corcoran ("CSP-Cor"). Plaintiff names Correctional Officers A. Camargo and E. Cerda, Sergeants C. Morrow and A. Barona, and Lieutenants C. Munoz, A. Randolph, and D. Saucedo as defendants in this action, and seeks declaratory and injunctive relief as well as money damages.

Plaintiff alleges in Claim I that on January 7, 2019, he filed a lawsuit against Cerda, Randolph, and three other prison employees. The next day, Camargo told Plaintiff that Morrow and Munoz informed Camargo of the lawsuit Plaintiff had filed the previous day and instructed

Camargo to write Plaintiff up for refusing to move. Plaintiff objected based on retaliation and asked for a form to file an inmate appeal. Camargo apparently refused to provide the form and told Plaintiff that Plaintiff had no concerns that needed to be redressed since he had done this to himself. On January 17, 2019, Plaintiff received a false disciplinary report stating he had refused to be moved to a different cell.

Around 4:00 p.m. that same day, Randolph and Barona told Plaintiff they heard Plaintiff had filed another lawsuit and directed Plaintiff to pack up for a move to be celled with IM Petillo. Plaintiff objected, indicated that was retaliation, and asked for a form to file an appeal. Randolph responded that Plaintiff would get an appeal form if he moved into the cell with IM Petillo. IM Petillo is known to be a violent and active Crip gang member, convicted of murder, who is serving a term of life without the possibility of parole, and weighs at least 200-220 pounds. Plaintiff is not and has never been a member of a gang, was sentenced under the three-strikes law for selling a $20 rock of cocaine, and at 170 pounds is considerably smaller than IM Petillo. Plaintiff alleges that there is no way anyone who reviewed the files would ever approve of Plaintiff being housed with IM Petillo.

About an hour later, around 5:00 p.m., Saucedo approached Plaintiff's cell and informed Plaintiff that he would not get any showers or dinners on third watch unless Plaintiff agreed to be celled with IM Petillo. Plaintiff asked if this was because of his lawsuit, and protested that IM Petillo could easily overpower him. Saucedo informed Plaintiff that if Plaintiff dropped his lawsuit, "all of this will go away." (Doc. 1, p. 10.)

At approximately 9:30 p.m., Cerda was passing out the institutional mail and gave Plaintiff his legal mail. Plaintiff requested a 602 appeal form from Cerda who refused and told Plaintiff no one would give Plaintiff a 602 appeal form because they went in the officers' personnel files, but that lawsuits did not. Plaintiff bases Claim II on the refusals by Camargo, Randolph, and Cerda to give Plaintiff 602 appeal forms, which he alleges rendered the "vehicle for review ineffective, and unavailable." (Doc. 1, p. 11.)

As discussed in detail below, Plaintiff's allegations in Claim I state a cognizable claim for retaliation against Defendants Camargo, Morrow, Munoz, Randolph, Barona, and Saucedo on

3

which he should be allowed to proceed. However, Plaintiff does not state a cognizable claim against Cerda in Claim I, nor is Claim II cognizable against any of the named Defendants. Thus, Plaintiff may choose to proceed on the retaliation claims identified in Claim I, or he may attempt to cure the defects in his pleading by filing a first amended complaint.

### D. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and

citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a first amended complaint, Plaintiff should make it as concise as possible in **no more than twenty-five (25) pages**. He should state which of his constitutional rights he believes were violated by each Defendant and the facts that support each contention. Plaintiff need not and should not cite legal authority for his claims in a first amended complaint. If Plaintiff files a first amended complaint, his factual allegations will be screened under the legal standards and authorities set forth in this order.

### 2. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Generic identifiers, without surname specificity, do not suffice to place any defendant on notice of a plaintiff's claims to be able prepare a defense. *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996). Plaintiff's allegations must demonstrate that each individual defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally

construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342. But the mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Plaintiff also appears to seek liability for a number of Defendants who hold supervisory positions. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat* superior. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "In a § 1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id*. Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

## **DISCUSSION**

### **A.  Plaintiff's Claims**

#### **1.  Claim I -- Retaliation**

Plaintiff's allegations are premised on retaliatory animus due to a lawsuit he filed on January 7, 2018. The First Amendment protects inmates from retaliation for engaging in protected conduct. A retaliation claim has five elements. *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009).

First, the plaintiff must allege that the retaliated-against conduct is protected. *Id.* The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Silva v. Di Vittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. *Rhodes*, at 567. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Waitson*, 668 F.3d at 1114. Fourth, the plaintiff's allegations must show that the nature of the "official's acts would chill or silence a person of

ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11. Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

As set forth above, while Plaintiff need only allege facts sufficient to support a plausible claim for relief, the mere possibility of misconduct is not sufficient, *Iqbal*, 556 U.S. at 678-79, and the Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, Plaintiff's mere allegation that he engaged in protected activity, without knowledge resulting in animus by a defendant, is insufficient to show that Plaintiff's protected activity was the motivating factor behind a defendant's actions.

**a.    Camargo, Morrow, and Munoz**

Plaintiff alleges that on January 7, 2019, he filed a lawsuit against Cerda, Randolph, and three other prison employees. The next day, Camargo told Plaintiff that Morrow and Munoz had informed Camargo of the lawsuit Plaintiff had filed the previous day and instructed Camargo to write Plaintiff up for refusing to move. Plaintiff objected to that as retaliation and asked for a form to file an inmate appeal. Camargo apparently refused to provide the form and told Plaintiff that Plaintiff had no concerns that needed to be redressed since he had done this to himself. On January 17, 2019, Plaintiff received a false disciplinary report that he had refused to be moved to a different cell. These allegations state a cognizable retaliation claim against Camargo, Morrow, and Munoz.

**b.    Randolph and Barona**

Plaintiff alleges that, around 4:00 p.m. that same day, Randolph and Barona told Plaintiff they heard Plaintiff had filed another lawsuit and directed Plaintiff to pack up for a move to be celled with IM Petillo. Plaintiff objected, indicated that was retaliation, and asked for a form to file an appeal. Randolph responded that Plaintiff would get an appeal form if he moved into the

cell with IM Petillo. IM Petillo is known to be a violent and active Crip gang member, convicted of murder, who is serving a term of life without the possibility of parole and weighs at least 200-220 pounds. Plaintiff is not and has never been a member of a gang, was sentenced under the three-strikes law for selling a $20 rock of cocaine, and at 170 pounds is considerably smaller than IM Petillo. Plaintiff alleges that there is no way anyone who reviewed the files would ever approve of Plaintiff being housed with IM Petillo. These allegations state a cognizable retaliation claim against Randolph and Barona.

        **c.**      **Saucedo**

Plaintiff alleges that, about an hour later, around 5:00 p.m., Saucedo approached Plaintiff's cell and informed Plaintiff that he would not get any showers or dinners on third watch unless Plaintiff agreed to be celled with IM Petillo. Plaintiff asked if this was all because of his lawsuit, and protested that IM Petillo could easily overpower him. Saucedo told Plaintiff, if Plaintiff dropped his lawsuit, "all of this will go away." (Doc. 1, p. 10.) These allegations state a cognizable retaliation claim against Saucedo.

        **d.**      **Cerda**

Plaintiff alleges that, at approximately 9:30 p.m., Cerda was passing out the institutional mail and gave Plaintiff his legal mail. Plaintiff requested a 602 appeal form from Cerda who refused and told Plaintiff no one would give Plaintiff a 602 appeal form because they went in the officers' personnel files, but that lawsuits did not. These allegations do not state a cognizable retaliation claim against Cerda as Plaintiff fails to show how or why being denied a 602 appeal form "would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568. Plaintiff also fails to state any allegations to show that Cerda's actions caused Plaintiff to suffer "some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11.

      **2.**      **Claim II—Inmate Appeals**

In Claim II, Plaintiff alleges that, by refusing to provide Plaintiff 602 appeals forms, Camargo, Randolph, and Cerda violated his right to file a grievance. Inmates have a fundamental constitutional right of access to the courts, *Lewis v. Casey*, 518 U.S. 343, 346 (1996), which

extends to established grievance procedures, *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir.1995) *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230, n. 2 (2001). The right is merely the right to bring to court a grievance the inmate wishes to present and is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351. Plaintiff has failed to state a cognizable claim under the First Amendment because he has not alleged any facts demonstrating that he was shut out of court on a direct criminal appeal, habeas petition, or civil rights action.

Similarly, Plaintiff may not pursue a claim for denial of access to the courts based on the failure of staff to provide 602 appeal forms as there is no constitutionally protected right to file inmate grievances/appeals or for them to be accepted and processed, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988).

Further, "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions providing forms for, or in reviewing prisoner's administrative appeal, generally cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495.

Finally, failure to exhaust available administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.") Thus, any actions which Plaintiff believes were taken to render the administrative appeals process unavailable to him in an effort to restrict his access to court, does not state a cognizable claim. However, Plaintiff may raise any such incidents in response to a defense motion for summary judgment on the issue of exhaustion of available administrative

remedies should this action proceed to that stage.

### 3. Relief

#### a. Declaratory

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendants violated Plaintiff's rights is unnecessary.

#### b. Injunctive

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as a matter of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.*, at 24 (citations and quotations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Id.*, at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal Right."

"An inmate seeking an injunction on the ground that there is a contemporary violation of a

nature likely to continue, must adequately plead such a violation; . . ." *Farmer v. Brennan*, 511 U.S. 825, 845-46 (1994) (citations and quotations omitted). However, at the pleading stage, the Court is not in a position to determine questions of a claim's merits which require submission of evidence as opposed to merely determining whether a claim has been stated. *Barrett v. Belleque*, 544 F.3d 1060 (9th Cir. 2008). It is subsequent to screening, such as in efforts to survive summary judgment, that a plaintiff "must come forward with evidence from which it can be inferred that the defendant-officials were at the time suit was filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future." *Farmer*, 511 U.S. at 845-46. Thus, Plaintiff's request for injunctive relief should not be addressed until such time as evidence is properly submitted and considered.

## **CONCLUSION**

Plaintiff is given the choice to file a first amended complaint, or to proceed on the retaliation claims found cognizable in Claim I against Defendants Camargo, Morrow, Munoz, Randolph, Barona, and Saucedo, voluntarily dismissing all other claims and Defendants. Plaintiff must either notify the Court of his decision to proceed on these cognizable claims, or file a first amended complaint, or voluntary dismissal of the entire action within **twenty-one (21) days** of the service of this order. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **twenty-one (21) days** from the date of service of this order.

If Plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions of which he complains have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d

11

164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is cautioned that an amended complaint supercedes all prior complaints filed in an action. *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in a first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff is granted leave to file a first amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **twenty-one (21) days** from the date of service of this order, Plaintiff must either:
    a. file a first amended complaint curing the deficiencies identified by the Court in this order;
    b. notify the Court in writing that he does not wish to file a first amended complaint and wishes to proceed only on the retaliation claims found cognizable in Claim I against Defendants Camargo, Morrow, Munoz, Randolph, Barona, and Saucedo, voluntarily dismissing all other claims and Defendants; or
    c. file a notice of voluntary dismissal of the entire action.

4. **If Plaintiff fails to comply with this order, he will be allowed to proceed only on the claims found cognizable herein and it will be recommended that all other claims and Defendants be dismissed with prejudice**.

IT IS SO ORDERED.

Dated: **August 14, 2019**　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE